UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANGELA WILLIAMS

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES, INC.,

    Defendant.
_____/

COMPLAINT

COMES NOW, the Plaintiff, ANGELA WILLIAMS, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC. and further states as follows:

JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.

2. Plaintiff, ANGELA WILLIAMS, is *sui juris*, and a citizen and resident of the state of Texas.

3. Defendant CARNIVAL CORPORATION (CARNIVAL) is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION does business under the fictitious name of CARNIVAL CRUISE LINES, INC. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

4. Subject matter jurisdiction exists based on diversity of citizenship pursuant to 28 U.S.C. 1332, as alleged above, because there is complete diversity of citizenship between the

4. parties and the amount of damages claimed exceeds $75,000.00 which is the minimum jurisdictional amount required for diversity of jurisdiction cases. In addition, jurisdiction also exists pursuant to 28 U.S. C. 1333 because this is a maritime cause of action.

5. At all times material hereto, the Defendant has conducted ongoing, substantial and not isolated business activity in Miami-Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. At all times material, the Defendant has engaged in the business of operating maritime cruise vessels for paying passengers including the Plaintiff.

7. In its ticket contract with Plaintiff, Defendant requires fare-paying passengers like Plaintiff to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.  Accordingly, venue is proper.

8. Venue is also proper in this district because the Defendant's principal place of business is located within this district.

## GENERAL ALLEGATIONS

9. Plaintiff has complied with all conditions precedent to bringing this action. This case is being brought pursuant to an express extension of the applicable statute of limitations.

10. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about September 19, 2019, the Plaintiff was injured aboard Defendant's cruise ship CARNIVAL VISTA as a result of a crew member failing to warn Plaintiff of impending danger and a failure of the Defendant to properly secure a metal pole or pipe which fell from an upper deck and struck the Plaintiff on the head.

12. On the aforesaid date, Defendant owned and/or operated the CARNIVAL VISTA.

## COUNT ONE-NEGLIGENCE

13. Plaintiff reavers and realleges paragraphs One through Twelve as if set forth herein.

14. On the aforesaid date, the Plaintiff ANGELA WILLIAMS and two companions were sitting at a table on deck of CARNIVAL VISTA giving a drink order to a waiter or bar server crew member.

15. While Plaintiff was giving her order, she observed the crew member glance up and take a step or two backwards without saying a word of warning to the Plaintiff. The waiter apparently had seen the metal or steel pole rapidly descending toward himself and the Plaintiff and her companions but said nothing to the Plaintiff or her companions so they could avoid injury from being struck by the heavy steel pole as he did.

16. Moments after Plaintiff observed the waiter step back, Plaintiff felt an impact to the back of her head from being struck by a heavy metal or steel pole that had fallen from a deck above where the Plaintiff was sitting. The pole was part of a roof or awning on the deck above that had become loose.

17. The Plaintiff and her companions immediately asked the waiter to get help. The waiter simply left the area and did not return.

18. Plaintiff's companions assisted her to the medical center where she was examined and treated for a head injury.

19. Defendant is aware that crew members have a responsibility to protect passengers from impending danger. For example, crew members are trained that if they see a spill of liquid on a passenger deck they are to "own the spill" by placing a chair or other object over the spill and calling for help to clean the spill.

20. The Defendant failed to exercise reasonable care in the circumstances by the waiter

        failing to warn the Plaintiff of the metal pole falling from an upper deck, by failing to train the waiter to warn passengers like the Plaintiff of the impending danger like the falling metal pole headed toward the Plaintiff and by failing to secure a piece of ship's equipment (the heavy steel pole which was part of an awning or roof on the deck above where Plaintiff was sitting) so that it would not fall on passengers like the Plaintiff.

21. On or about the aforesaid date, Plaintiff suffered serious personal injury while she was aboard CARNIVAL VISTA when she was struck in the head by a heavy metal or steel pole that had fallen from an upper deck.

22. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a piece of ship's equipment, to wit, a heavy metal or steel pole, in a reasonably safe condition, and/or;

   b. Failing to properly and safely train crew members to warn passengers like Plaintiff of impending danger, and/or;

   c. Failing to warn Plaintiff of impending danger, and/or

   d. Failing to properly secure a metal awning or roof directly above where passengers like Plaintiff were sitting, and/or;

23. At all times material, the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions hereinbefore alleged in paragraph 22 to have caused or contributed to causing Plaintiff's injury and/or Defendant is vicariously liable for the inaction and failure of the waiter to warn Plaintiff of an impending danger of a metal or steel pole falling towards her from an upper deck and for the crew

members' actions in failing to secure the awning or roof directly above where Plaintiff was sitting.

24. As a result of the foregoing, the Plaintiff was seriously injured when she was caused to be struck in the back of the head by a heavy metal pole falling from an upper deck. The Plaintiff was unaware that the pole was falling behind her until it struck her in the head.

25. At all times material hereto, the Plaintiff acted with reasonable care for her own safety.

25. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and/or unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and earning capacity. Plaintiff suffered a traumatic brain injury. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT II-NEGLIGENT FAILURE TO WARN

26. Plaintiff reavers and realleges Paragraphs 1-12 and 20-21 as if set forth herein.

27. The Plaintiff was seriously injured when she was struck in the back of the head by a heavy metal pole that had fallen behind her from an upper deck.

28. A waiter taking a drink order from the Plaintiff apparently saw the object hurtling towards the Plaintiff from the deck above and had sufficient time to warn Plaintiff of the impending danger but failed to do so.

29. At all times material, Plaintiff was acting with due care for her own safety.

30. The Defendant failed to exercise reasonable care in the circumstances by the waiter failing to warn the Plaintiff of the metal pole falling from an upper deck, by failing to train the waiter to warn passengers like the Plaintiff of the impending danger like the falling metal pole falling on Plaintiff's head.

31. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered a loss of earnings and earning capacity. Plaintiff suffered a traumatic brain injury. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

32. The dangerous condition of the heavy metal pole falling on Plaintiff was neither open nor obvious to the Plaintiff.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

DATED this 17th day of July, 2021.

        HOFFMAN LAW FIRM
        PAUL M. HOFFMAN, ESQ.
        2881 East Oakland Park Boulevard
        Fort Lauderdale, FL 33306
        Telephone: (954) 707-5040

        */s//Paul M. Hoffman, Esq.*
        PAUL M. HOFFMAN
        Florida Bar No:   0279897